Case No. SA CV 11-00397 DOC (RNBx)                                    Date: June 23, 2011

Title: CARL N. MARSCHALL V. CAINE & WEINER COMPANY; LA PEER SURGERY CENTER

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                         NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING DEFENDANT'S MOTION TO DISMISS

    Before the Court is a Motion to Dismiss filed by Defendant LA Peer Surgery Center in the above-captioned case ("Motion") (Docket 12). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving, opposing[1], and replying papers thereon, the Court hereby GRANTS Defendant's Motion.

**I.     BACKGROUND**

    On January 26, 2009, Carl N. Marschall ("Plaintiff") allegedly paid $350.10 to LA Peer ("Defendant") as an estimated deductible for an out-patient medical procedure. Complaint, ¶ 22. Plaintiff contends that following the procedure, the actual deductible was only $256.75. *Id.* at ¶ 25. Thus, Defendant allegedly overestimated the deductible and owed Plaintiff a refund of $93.35. *Id.* at ¶ 26. However, Defendant maintained that Plaintiff had not paid any deductible and owed Defendants $256.75 for the medical procedure. *Id.* at ¶ 30.

    LA Peer sent a claim for $256.75 to Defendant Caine & Weiner for collection activities.

---

[1] Defendant notes that Plaintiff's Opposition was untimely filed, as it was due no later than May 2, 2011 but was filed on May 6, 2011. The Court frowns on this tardiness but has considered the Opposition in this Order. Future late filings will not be considered.

*Id.* at ¶ 31-32. Beginning March 10, 2010, Defendant Caine & Weiner allegedly attempted to collect the $256.75 by repeatedly calling Plaintiff on the telephone and mailing him several letters. *Id.* at ¶ 37-43. Plaintiff claims that Caine & Weiner mailed Plaintiff a demand letter asserting that failure to pay "will result in further collection efforts and the use of all available remedies at our disposal in order to protect our client's interests." *Id.* at ¶ 43. In October, 2010, Caine & Weiner allegedly reported Plaintiff to a credit reporting company, stipulating that LA Peer's claim should remain on Plaintiff's credit profile until October 2015. *Id.* at ¶ 44.

Plaintiff's Complaint, filed on March 10, 2011, alleges sixteen causes of action. Claims fourteen, fifteen and sixteen are specifically asserted against LA Peer and discussed in turn. Plaintiff requests declaratory relief to state that Plaintiff does not owe any amount to LA Peer. *Id.* at ¶ 82-84. Plaintiff also asserts a defamation claim against LA Peer, for which he seeks general and punitive damages. *Id.* at ¶ 86-88. Finally, Plaintiff seeks restitution in the sum of $93.35. *Id.* at ¶ 90. On April 21, 2011, LA Peer filed this Motion to Dismiss on the grounds that 1) Plaintiff's entire complaint is uncertain with respect to LA Peer; 2) Plaintiff's claims for declaratory relief and defamation fail to state claims upon which relief may be granted. Motion, 2.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a

motion to dismiss under Rule 12(b)(6).'" *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

#### A. Declaratory Relief

Declaratory relief is appropriate "in cases of actual controversy relating to the legal rights and duties of the respective parties," and allows a party to "bring an original action or cross-complaint . . . for a declaration of his or her rights and duties . . . , including a determination of any question of construction or validity arising under the instrument or contract." Cal. Code Civ. P. § 1060. Declaratory relief is used as a "means of settling controversies between parties to a contract regarding the nature of their contractual rights and obligations." *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 647 (2009). It is "designed in large part as a practical means of resolving controversies, so that parties can conform their conduct to the law and prevent future litigation." *Id.* at 648. When there is little practical effect, "courts have considerable discretion, pursuant to Cal. Code Civ. P. § 1061, to deny declaratory relief because it 'is not necessary or proper at the time under all the circumstances.'" *Id.* (quoting Cal. Code Civ. P. § 1061). For example, declaratory relief is not granted in cases where it would "merely produce a useless trial." *People of California v. Kinder Morgan Energy Partners*, L.P., 569 F.Supp.2d 1073 (S.D. Cal., 2008) (quoting *Silver v. City of Los Angeles*, 217 Cal.App.2d 134 (1963)).

LA Peer first asserts that this Court lacks jurisdiction over Plaintiff's declaratory relief cause of action because California Civil Code of Procedure § 1060 indicates that such matters should be brought in Superior Court. Motion, 5. This argument fails because the Court has supplemental jurisdiction over Plaintiff's declaratory relief claim as the pendant state law claims arise from the same case or controversy as the federal claims. 28 U.S.C. § 1367.

LA Peer next contends that claims for declaratory relief can only apply to future rights. Motion, 5-6. LA Peer argues that declaratory relief functions as preventative justice by declaring future rights, rather than acting as a method to redress past wrongs. *County of San Diego v. State*, 164 Cal. App. 4th 580 (2008). As a result, LA Peer asserts that a declaration stating Plaintiff owes nothing to LA Peer and that LA Peer and Caine & Weiner owe Plaintiff $256.75 would have no effect on future litigation and therefore, Plaintiff's declaratory relief claim should be dismissed. *Id.*

Plaintiff argues that declaratory relief should be granted where it would have practical consequences or where it is better than other remedies. *Meyer*, 45 Cal.4th at 648. Plaintiff asserts that the most practical way to put an end to collection efforts and to remedy Plaintiff's credit report is a declaration that states Plaintiff owes nothing to LA Peer. Plaintiff's Opposition to the Motion to Dismiss ("Opposition"), 10. As such, he insists his declaratory relief claim does ask for future relief.

However, Plaintiff's assertion that he is requesting prospective relief is not alleged clearly in his Complaint. Instead, the claim is alleged in a conclusory way.

For the foregoing reasons, Defendant's Motion to Dismiss the Fourteenth Claim for Declaratory Relief is GRANTED with leave to amend.

### B. Defamation

"Defamation is an invasion of the interest in reputation." *Smith v. Maldanado*, 72 Cal. App. 4th 637, 645 (1999). "The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1369 (2010) (citing *Taus v. Loftus*, 40 Cal.4th 683, 720 (2007)).

LA Peer first argues that the defamation claim is barred by the statute of limitations. The statute of limitations for defamation claims in California is one year. Cal. Code Civ. P. § 340. Indeed, the parties dispute the date on which the statute of limitations began to run. LA Peer argues that Plaintiff's defamation claim is barred because the first collections phone call from Caine & Weiner occurred on March 10, 2010, over a year before the Complaint was filed on March 11, 2011. Motion, 6. Plaintiff argues that the defamation claim is not barred because the statute of limitations began to run when Caine & Weiner provided a negative credit report detailing Plaintiff's failure to pay to crediting agency Experian in October 2010, thus making the Complaint's filing on March 11, 2011 within the one-year statute of limitations. Complaint, ¶ 33-34; Opposition, 11. Plaintiff's argument about the lack of a statute of limitations bar is not plausible from the ambiguous Complaint. Plaintiff makes a plausible argument in his Opposition, but the face of the Complaint remains unclear. Plaintiff alleges a defamation claim in a conclusory manner and fails to state clearly the defamatory conduct; therefore, it is unclear when the statue of limitations began to run. This ambiguity creates the possibility that LA Peer is not liable for defamation for two reasons. First, if the Court adopts LA Peer's suggested date, the first collection phone call from Caine & Weiner, the statute of limitations would have barred the defamation claim. Second, if the Court adopts Plaintiff's suggested date, Caine & Weiner's distribution of a negative credit report to Experian, Plaintiff does not explain how LA Peer would be liable for Caine & Weiner's actions. Therefore, the Court grants LA Peer's motion to this claim.

Moreover, LA Peer further asserts that Plaintiff's defamation claim fails to state sufficient facts to constitute a cause of action because the Complaint is "devoid of any allegations required for a defamation claim." Motion, 7. The Court agrees that Plaintiff has not sufficiently pleaded the elements of a defamation claim. Indeed, as mentioned above, Plaintiff's Complaint states in conclusory language that, "LA Peer has defamed Marschall," and fails to identify the defamation remark, note the publication, or plead specific damages. *See* Complaint, ¶ 86. Though the Complaint does not need "detailed factual allegations" to survive a motion to dismiss, it does require "more than labels and conclusions." *Twombly*, 550 U.S. 544 at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Plaintiff's Complaint fails to assert a plausible claim by simply stating the conclusion that "LA Peer has

defamed Marschall." Plaintiff's current defamation claim fails to put Defendants on "fair notice" of "what the . . . claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. 544 at 555 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Because of the ambiguity regarding the start date of the statute of limitations and Plaintiff's insufficient pleading of the Fifteenth Claim for defamation, Defendant's Motion to Dismiss the Fifteenth Claim for Defamation is GRANTED with leave to amend.

### C. Entire Complaint's Ambiguity

In a final attempt to dismiss Plaintiff's Complaint, LA Peer argues that Plaintiff's three claims against LA Peer are ambiguous because Plaintiff failed to allege specific facts or attach documents regarding the balance owed to LA Peer. Plaintiff attached documents regarding Caine & Weiner's collection efforts but failed to include any documents regarding services rendered at LA Peer, thus failing to give LA Peer fair notice.

As explained above, the Court agrees with Defendant's assertion as to the three causes of action explicitly alleged against LA Peer. Regarding the declaratory relief claim against LA Peer, the Complaint included copies of letters from Caine & Weiner, but failed to attach documents from LA Peer regarding the amount due. Complaint, ¶ 84. This lack of specificity fails to provide LA Peer with fair notice of the three claims against it and the grounds for these claims. Plaintiff's sole offering of documents related to claims against another defendant fails to provide LA Peer with the specific facts necessary for it to provide an adequate reply. Plaintiff's restitution claim is also vague as it fails to allege sufficient facts as to why LA Peer is liable for restitution. *Id.* at ¶ 90.

The remaining thirteen claims are generally unclear and also fail to mention the party against which the claim is asserted. Claims one through thirteen fail to identify the Defendant against which the cause of action is asserted and yet Plaintiff relies on claims in which LA Peer is not specifically named to bolster claims where LA Peer is named. For example, Plaintiff's Opposition refers to claims of collection activity, claims where LA Peer is unnamed, to supplement his defamation claim, where LA Peer is named. Such ambiguity throughout the Complaint makes it difficult for LA Peer to know if any additional claims are asserted against it. Therefore, Plaintiff's Complaint, in general, is ambiguous and unclear as to LA Peer's liability.

For the foregoing reasons, Defendant's Motion to Dismiss the entire complaint as ambiguous to LA Peer is GRANTED with leave to amend.

### IV. DISPOSITION

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED with leave to amend. Plaintiff shall have 14 days from the date of this order to amend.

The Clerk shall serve this minute order on all parties to the action.